UNITED STATES COURT OF APPEALS

IN THE SIXTH CIRCUIT

KEVIN A. CRAIG #381110

Petitioner,

V

WARDEN O.T. WINN

Respondent,

District Court No.
217-CV-12380

U.S. Court of Appeals No.

RECEIVED
AUG 07 2020
DEBORAH S. HUNT, Clerk

Prose, MOTION FOR RELIEF FROM JUDGMENT ORDER UNDER RULE 60 (b) (1)

Petitioner-Kevin Craig #381110
Saginaw Correctional Facility
9625 Pierce Rd.
Freeland, MI. 48623

1. Petitioner - Kevin A. Craig, is currently incarcerated at the Saginaw Correctional Facility in Freeland, Michigan. He filed a writ of habeas corpus pursuant to 28 USC 2254, challenging his convictions of first-degree muder, MCL 750.316, assault with intent to commit murder, MCL 750.83, and possession of a firearm during the commission of a felony, MCL 750.2276. The State Court sentenced him to life without parole for the first-degree murder, 40 to 30 years for the assault with intent to murder, and 2 years for the possession of a firearm offense.

Pursuant to Rule 60 (b) (1), a petitioner brings this timely motion seeking this courts authority for petitioner to add a new ground for relief claiming that the issues raised in his habeas petition were adequate and deserve relief or encouragement to proceed further Slack V Mcdaniel, 529 U.S. 473,484 (2000). (citation omitted).

11. Background

Petitioners convictions arise from a fatal shooting that occurred in Detroitm MI. Mr. Craig was improperly tried along with his co-defendant Donovan Young. But, the "summarized" statement of facts were mischaracterized and [ Malum in Se].

A. Proposed Statement of Facts

On June 12, 2011, on Sorrento Street in Detroit, Michigan. ( Fathers Day ). Darnell Richardson suffered a nonfatal gunshot injury and Antonio Turner was shot three times and died on the scene. Richardson testified that he had encountered petitioner- Kevin Craig on the street and the two of them engaged in a conversation. Antonio Turner was

also present during this conversation. While the three
of them were their, Richardson testifies that Donovan
Young appeared, left and returned with a .357 caliber
revolver and points it at Turners head and said"FUCK IT"
and pulled the trigger, but the gun did not fire the
first time. Richardson, yelled run to Turner, and Craig,
Richardson and Tuner all started running, but as they
were running heard gun shoots. Richardson claims he was
shot, but did not see who or when he got shot. Turner
was allegedly shot three times and died at the scene.
A witness Barbara Ingram testified that she ducked for co-
cover inside her home when the shooting statted, but
when she looked up, she saw (deceased) Turner on the
ground. She did not see petitioner Craig shot anyone.
Another witness Ariel Sydes testified that she only
heard the shooting and saw a dark colored car pull up
and a heavyset guy got out and shot Tuner and others
chased Richardson during the turn of events.
Petitioner asserts that the state courts erred in denying
his leave to appeal. People v Craig, No.333561 (Mich.ct.
App. Sept. 30, 2016); People v Craig.500 Mich.1000 (Mich.
May 31, 2017).Petitioner Craigs motion for relief from
judgment Mich.Ct. Rule 6.508 (d) was erroneously denied,
where Judge Bruce U Morrow alleged that Craig wavied his
right to a speedy trial, claiming that he was released
on bond, but his motion for a bond was clearly denied.
( See attachment A Opinion of Judge)

Therefore, in light of the extenuating circumstances, **the trial court erred by pressuring, that petitioner** agreed through his defense attorney that he was willing **to consolidate** his trial with co-defendant Donovan Young **even though young was not charged until the month of** petitioners trial. **The state courts deliberate allegations** severely prejudiced, **Mr. Craig and denied him due process when their was never a hearing to provide factual evidence of these claims by the trial court♠.**

**These allegations appear to be disingenuously, unethical** practices in an attempt **to implicitly deny Craig from** justice of the criminal justice system. **Petitioner seeks** such review [ coram nobis].

III. Standard of Review

Habeas Corpus Petitions are **governed by the Antiterrorism** and effective Death Penalty Act of 1996 ("AEDPA"). Under the AEDPA, a state prisoner is entitled to a writ of **habeas corpus if he can show that the** state courts adjudication **of his claims: (1)** resulted in a decision **that was contrary to, or involved an** unreasonable application of clearly established federal law, **as determined by the supreme Court of the** United States; or **(2)** resulted in a decision that was based on an unreasonable **determination of the facts** in light of the evidence presented in the state court proceedings. See 28 U.S.C. 2254 (d).

3

B. Discussion

Consequently the state court proceedings were unreasonable by the presumptive allegations thereby denying petitioner Craig his constitutional rights of due process, right to a fair trial. U.S. Ams. 14 & 6.

**In this** instant case Craig has clearly established that the state courts erroneous determination has caused a "domino effect" that **implicitly** prejudiced him from deliberate presumptions of the **evidence** and facts.

In Gonzalez, the court dealt with whether AEDPA's restric- tions on a second or successive habeas petition categoric- **ally barred** a petitioners Rule 60 (b) motion seeking post- judgment relief. Our Supreme Court unanimously held that **it does** nopt See Id. at *8 (Scalia, J. for the Court).

In **particular,** the Supreme Court noted the following test for determining whether a Rule 60 (b) motion advances one or more"claims". **[ for habeas relief ]** will be **relatively simple. A motion** that **seeks to"add** a new ground" **for [ habeas relief ]... will of course qualify. A motion** can **also** be said to bring a "claim" if it attacks the federal courts previous resolutions on the merits, by **establishing that** the court **erred** in denying habeas relief on the merits **is** effectively indistinguishable from alleging that **the movant is** under substantive provisions of the statute, entitled to habeas relief. That is not the case, however, when a Rule 60 (b) motion **attacks not the substance of the** federal courts resolution of a claim on the merits, but some defect in the integrity of the

federal habeas proceedings. In this instant case, The state courts inadvertent mischaracterizations in their Opinion has "implicitly biased" petitioners from being granted relief shown in the district courts Order. Wherefore, Mr.Craig rebutts, the state courts decision which contradicts the federal and Supreme Courts cases. Puertas, 272 F Supp.2d. Under Gonzalez, the majority notes that "Rule 60 (b) remains viable in the habeas context only to the extent it is not inconsistent with AEDPA and other applicable federal statutory provisions and rules". See also Mitchell v Rees, 261 Fed. Appx. 825 (Jan 9, 2008).

Notably in this case, the district court abused its discretion abdicating its role in not reviewing issues of state law, which would have given extra ordinary weight for further review of all issues. When the district courts conclusion state that the"respondent" argues all but, one of petitioner claims are procedurally defaulted. Under the procedural default doctrine, a federal habeas court will not review a question of federal law if a state courts decision rest on substantive or procedural state law ground that is independent of the federal question and is adequate to support the judgment. See Coleman v Thompson, 501 U.S. 722,729 (1991). Petitioners claims were meritous, but were inadvertently unaddressed, by the district court. When clearly the state courts violation of the jurisdictional bar [ right to speedy trial][was applicable under the Sixth Amendment of the United State Constitution. Also See 28 2254 (d)(2(.

Our supreme Court held: that courts must balance the following four factors in determining whether a defendants constitutional rights to a speedy trial has been violated: (1) the length of the delay; (2) the reason for the delay; (3) the defendants assertion of his or her right to a speedy trial; and (4) prejudice to the defendant. Barker v Wingo, 407 U.S. 514,528 (1972).

[U]ntil there is some delay which is presumptively prejudicial there is no necessity for inquiry into the other facts that go into the balance". Barker, 407 U.S. at 530.

In this instant case it is clear from the record that he was denied his right to a speedy trial, when the trial was scheduled for January 10, 2012 and changed to April 14, 2012 See attachment B(Register of Actions Third Judicial Circuit of Michigan)

The trial courts intentional delay in order to deliberately consolidate Craigs trial with co-defendant, Donovan Young did violate petitioners right to a speedy trial. These persistent circumstances do render such a process ineffective to protect the rights of defendant. A delay that "approaches one year is presumptively prejudicial. Doggett v United States 505 U.S. 647, 652 n. 1 (1992).

Petitioner does argue that he was prejudice by the delay of the state consolidation of his trial that was set for January 10, 2012 which defendant was prepared to proceed with his defense witnesses. Unfortunately, in part to the delay Craigs witness tragically suffered a sziure and died before being able to testify for the new trial date in April.

Under the direct of circumstances, Craigs deliberately delayed trial prejudiced him. Thus a petitioner may rebut the presumption with clear and convincing evidence. 28 USC 2254 (e)(1).

The state courts decision as well as the district courts Order and Opinions Inadvertance clearly demonstrates defects in this petitioners claims, erroneously denying relief and or correcting judicial errors that has plagued petitioners necessary relief. United States v Bankston, 820 F .3d 215, **Before a federal court applies the procedural default doctrine to refrain from considering a claims merits, the federal court must first determine whether the state court has plainly stated its reliance on procedural, as opposed to substantive law.** Cooey v Anderson, 988 F. Supp. 1066 (1997) In this instant case the state court clearly relied on substative state laws. Undeniably,our federal laws and **constitution holds higher authority and equity over state laws.** Accordingly, the district court has not held a evidentiary hearing on this matter. to sufficiently show Mr. Craigs conviction and waiver is invalid. Johnson v United States, 520 U.S. 461, 466-68,69,117 S.ct. 1544,137 L.Ed. 2d 718 (1997) In such circumstances, the presumption that the federal claim was adjudicated on merits may be rebutted- either by the habeas petitioner (for the purpose of showing that the claims should be considered by the federal Court de novo) or by the state (for the purpose of showing tat the federal claim should be regarded as procedurally defaulted). Johnson v Williams, 568 U.S. 289, 133 S.Ct. 1088, 185 L.Ed 2d 105, 2013 U.S. LEXIS 1610, 81 U.S. L.W. 4096.

7

When a motion is brought under Rule 60 (b), that contains a claim which asserts a federal basis for rel for relief from a state courts judgment of conviction seeking to add a new ground for relief or attacking a federal courts previous resolution of a claim on the merits it is not a second or successive habeas claims. Gonzalez v Crosby. 162 L.Ed. 2d 480 125, S.Ct. 2641, 2005 WL 1469516 (2005).

SUMMARY AND RELIEF REQUESTED

For all of the foregoing reasons petitioner requests this Honorable Tribunal, GRANT said motion and allow him a new ground for relief or reverse district courts determination, and review state courts unreasonable determination of the facts or whatever further proceeding this court deems necessary.

Respectfully Submitted,

Petitioner/ Kevin A. Craig#381110

Saginaw Correctional Facility
9625 Pierce Rd.
Freeland, MI 48623

Date  7-30-20

ATTACHMENT A

RECEIVED

AUG 07 2020

DEBORAH S. HUNT, Clerk

Bruce v. Morrow
opinion
1-14-16

Defendant also claims his trial counsel was ineffective for allowing a violation of the 180 day rule in order to allow the prosecution to consolidate his and his co-defendant's trial. **MCL 780.133** requires dismissal with prejudice if a prisoner is not brought to trial within the 180-day time limit set forth in the act: In the event that within the time limitation set forth in section 1 of this act, action is not commenced on the matter for which request for disposition was made, no court of this state shall any longer have jurisdiction thereof, nor shall the untried warrant, indictment, information or complaint be of any further force or effect, and the court shall enter an order dismissing the same with prejudice. The 180-day-rule statute expressly provides that the Department of Corrections must deliver a written notice of incarceration and request for disposition "to the prosecuting attorney of the county in which the warrant, indictment, information, or complaint is pending ...." **MCL 780.131(1)**; *People v. Fex*, 439 Mich 117, 119–123, 479 N.W.2d 625 (1992), aff'd 507 US 43, 113 S Ct 1085, 122 LEd2d 406 (1993). The 180–day period does not commence until the prisoner's request for final disposition of the charges against him or her have actually been delivered to the court and prosecuting officer of the jurisdiction that lodged the detainer against him or her. *People v. Williams*, 716 NW2d 208, 215, 475 Mich 245, 256 (2006).

Since defendant agreed through his defense attorney to consolidation, he has been deemed to have waived his right to a speedy trial. Waiver is the intentional relinquishment or abandonment of a known right or privilege. *People v. Grimmett*, 388

Mich 590, 598, 202 NW2d 278 (1972), overruled on other grounds in *People v. White*, 390

Mich 245, 212 NW2d 222 (1973) overruled on other grounds in *People v. Nutt*, 469 Mich.

565, 677 NW2d 1 (2004). Waiver consists of (1) specific knowledge of the constitutional

right and (2) an intentional decision to abandon the protection of the constitutional

right. *Grimmett, supra* at 598, 202 NW2d 278. Moreover, this Court finds no merit in

defendant's allegation because he was released on bond pending his trial date, which

tolls the running of defendant's 180 day count. *People v. Williams*, 716 NW2d 208, 217,

475 Mich. 245, 260-61 (2006).

Next, defendant asserts his innocence, and argues he was denied a fair trial

where the prosecutor failed to provide sufficient evidence to prove first degree murder.

The statutory crime of first-degree premeditated murder is committed only if the

defendant entertains the intent to kill. *People v. Garcia*, 398 Mich 250, 259, 247 NW2d 547

(1976). In addition, the intent to kill in first-degree premeditated murder must be

deliberate and premeditated. *People v. Hansen*, 368 Mich 344, 351, 118 NW2d 422 (1962).

"Premeditated means thought out beforehand or designed or planned. The killing must

be the result of real and substantial reflection. "Deliberate means that the defendant

must have considered the pros and cons of that design and have measured and chosen

his actions. The intent must be formed by a mind that is free from undue excitement.

This excludes acts done on a sudden impulse without reflection. *"Wilful means the intent*

*to take a life.* "For first-degree murder, there must be such a lapse of time as would give

ATTACHMENT

B

State of Michigan v Kevin Craig

RECEIVED
AUG 07 2020
DEBORAH S. HUNT, Clerk

## THIRD JUDICIAL CIRCUIT OF MICHIGAN
## REGISTER OF ACTIONS
### CASE NO. 11-010905-01-FC

### CASE INFORMATION

| | |
|---|---|
| Location: | Criminal Division |
| Judicial Officer: | Morrow, Bruce U. |
| Filed on: | 10/26/2011 |
| Case Number History: | 11060968-01 |
| | 11713755-01 |
| | 11713755-01 |
| Case Tracking Number: | 110120269 |
| CRISNET/Incident No.: | |

| | | |
|---|---|---|
| Case Type: | Capital Felonies | |
| Case Status: | 07/31/2015 Open Inactive | |
| Case Flags: | Habitual Offender | |
| | Case has PDF Electronic | |
| | Transcripts | |

**Offense**

1. Homicide - Open Murder - Statutory Short Form -
   *Filed As:* Homicide - Murder First Degree -
   Premeditated
   Arrest:      06/13/2011
2. Assault With Intent to Murder
   Arrest:      06/13/2011
3. Weapons - Firearms - Possession By Felon
   Arrest:      06/13/2011
4. Weapons Felony Firearm
   Arrest:      06/13/2011

| | Deg | Date | |
|---|---|---|---|
| DPHOM - Detroit Pd Homicide | . | 06/13/2011 | § |
| | | | § |
| DPHOM - Detroit Pd Homicide | | 06/13/2011 | § |
| DPHOM - Detroit Pd Homicide | | | § |
| DPHOM - Detroit Pd Homicide | | 06/13/2011 | § |

**Statistical Closures**
04/19/2012      Jury Verdict

**Warrants**
Failure To Appear -    Craig, Kevin (Judicial Officer: McDuffee, Renee R. )
09/05/2011                  Warrant Cancelled/Recalled (LC)
Fine:            $0
Bond:            $0

### PARTY INFORMATION

| | | Lead Attorneys |
|---|---|---|
| **Plaintiff** | **State of Michigan** | |
| **Defendant** | **Craig, Kevin** | Kaplan, Steven M. |
| | *Black Male Height 5'7" Weight 200* | (586) 574-0020(W) |
| | *SID: M12090325X* | |
| | *Other Agency Number: 590421 Detroit Police Identification Number* | |
| **Appellate Attorney** | **STATE APPELLATE DEFENDER OFFICE** | Woodards, Clifford |
| | | *Public Defender* |
| | | (313) 333-4975(W) |

### EVENTS & ORDERS OF THE COURT

| DATE | | INDEX |
|---|---|---|
| 07/01/2011 | Recommendation for Warrant | |
| 07/01/2011 | Habitual Offender | |
| 07/01/2011 | Warrant Signed | |
| 09/05/2011 | **Arraignment on Warrant** (Judicial Officer: McDuffee, Renee R.) *Defendant Stands Mute; Plea Of Not Guilty Entered By Court* | |
| 09/05/2011 | To Waive 14 Day Rule | |
| 09/05/2011 | Filed | |
| 09/05/2011 | **Interim Condition for Craig, Kevin** (Judicial Officer: McDuffee, Renee R.) - Remand | |

PAGE 1 OF 6

*Printed on 10/13/2015 at 8:59*

THIRD JUDICIAL CIRCUIT OF MICHIGAN
# REGISTER OF ACTIONS
## CASE NO. 11-010905-01-FC

| | |
|---|---|
| 09/05/2011 | $0.00 |
| 09/05/2011 | **Plea** (Judicial Officer: McDuffie, Renee R.)<br>1. Homicide - Open Murder - Statutory Short Form<br>Defendant Stand Mute; Plea of Not Guilty Entered by Court |
| 09/05/2011 | **Plea** (Judicial Officer: McDuffie, Renee R.)<br>2. Assault With Intent to Murder<br>Defendant Stand Mute: Plea of Not Guilty Entered by Court |
| 09/05/2011 | **Plea** (Judicial Officer: McDuffie, Renee R.)<br>3. Weapons - Firearms - Possession By Felon<br>Defendant Stand Mute: Plea of Not Guilty Entered by Court |
| 09/05/2011 | **Plea** (Judicial Officer: McDuffie, Renee R.)<br>4. Weapons Felony Firearm<br>Defendant Stand Mute; Plea of Not Guilty Entered by Court |
| 09/05/2011 | *CANCELED* **Preliminary Examination**<br>*Adjourned;At The Request Of The Court* |
| 09/20/2011 | Motion for a Continuance Filed/Signed |
| 09/20/2011 | *CANCELED* **Preliminary Examination** |
| 09/28/2011 | **Preliminary Examination** (Judicial Officer: Sanders, Brenda K.)<br>*Held; Bound Over* |
| 10/26/2011 | Motion to Assign Counsel Filed/Signed |
| 10/26/2011 | Bound Over |
| 10/26/2011 | Motion to Dismiss a Charge |
| 10/26/2011 | Filed |
| 10/26/2011 | Motion to Amend the Information |
| 10/26/2011 | Filed |
| 10/26/2011 | **Disposition** (Judicial Officer: Sanders, Brenda K.)<br>3. Weapons - Firearms - Possession By Felon<br>Dismissed |
| 10/26/2011 | Order For Production Of Exam Transcript Signed and Filed<br>*Constance Grimes;10-26-11;0=1;* |
| 11/08/2011 | Stenographers Certificate Filed<br>*Constance Grimes;* |
| 11/02/2011 | **Arraignment On Information** (Judicial Officer: Callahan, Michael J.)<br>Resource: Court Rpt/Rec 37 Goldsmith, Jeffrey<br>Resource: Courtroom Clerk CS948 Parsons, Patricia<br>*Held* |
| 11/02/2011 | Scheduled AOI |

36 pages

THIRD JUDICIAL CIRCUIT OF MICHIGAN

# REGISTER OF ACTIONS

CASE NO. 11-010905-01-FC

12/16/2011    **Final Conference** (Judicial Officer: Callahan, Michael J.)
Resource: Court Rpt/Rec 37 Goldsmith, Jeffrey
Resource: Courtroom Clerk C5948 Parsons, Patricia
*Held*

01/05/2012    **Pre-Trial** (Judicial Officer: Callahan, Michael J.)
Resource: Court Rpt/Rec 37 Goldsmith, Jeffrey
Resource: Courtroom Clerk C5984 Marshall, Theresa
*Held*

01/05/2012    **Heard And Denied** (Judicial Officer: Callahan, Michael J.)
*Motion to consolidate*

01/10/2012    Motion To Consolidate
*MOTION TO CONSOLIDATE WITH CASE #11-12797, GRANTED*

01/11/2012    *CANCELED Jury Trial*
*Adjourned:At The Request Of The Court*

01/12/2012    **Pre-Trial** (Judicial Officer: Callahan, Michael J.)
Resource: Court Rpt/Rec 37 Goldsmith, Jeffrey
Resource: Courtroom Clerk C5948 Parsons, Patricia
*Held*

01/12/2012    Refer To Pre-Trial Services For a Bond Review (Judicial Officer: Callahan, Michael J.)
*DUE DATE 1/20/12 BOND TYPE: Remand BOND AMOUNT: $0.00*

01/20/2012    **Motion Hearing** (Judicial Officer: Callahan, Michael J.)
Resource: Court Rpt/Rec 37 Goldsmith, Jeffrey
Resource: Courtroom Clerk C5948 Parsons, Patricia
*Adjourned at the Request of the Court*

01/27/2012    **Motion Hearing** (Judicial Officer: Callahan, Michael J.)
Resource: Court Rpt/Rec 37 Goldsmith, Jeffrey
Resource: Courtroom Clerk C5948 Parsons, Patricia
*Held*

01/27/2012    Motion (Judicial Officer: Callahan, Michael J.)
*DEFENSE MOTION TO SET A BOND, DENIED*

02/10/2012    **Final Conference** (Judicial Officer: Callahan, Michael J.)
Resource: Court Rpt/Rec 37 Goldsmith, Jeffrey
Resource: Courtroom Clerk C5948 Parsons, Patricia
*Held*

04/13/2012    **Pre-Trial** (Judicial Officer: Callahan, Michael J.)
Resource: Court Rpt/Rec 37 Goldsmith, Jeffrey
Resource: Courtroom Clerk C5948 Parsons, Patricia
*Held*

04/16/2012    **Jury Trial** (Judicial Officer: Callahan, Michael J.)
Resource: Court Rpt/Rec 37 Goldsmith, Jeffrey
Resource: Courtroom Clerk C5948 Parsons, Patricia
*In Progress*

THIRD JUDICIAL CIRCUIT OF MICHIGAN
# REGISTER OF ACTIONS
## CASE NO. 11-010905-01-FC

| | |
|---|---|
| 04/17/2012 | **Jury Trial in Progress** (Judicial Officer: Callahan, Michael J.)<br>Resource: Court Rpt/Rec 37 Goldsmith, Jeffrey<br>Resource: Courtroom Clerk C5948 Parsons, Patricia<br>*Held* |
| 04/18/2012 | **Jury Trial in Progress** (Judicial Officer: Callahan, Michael J.)<br>Resource: Court Rpt/Rec 37 Goldsmith, Jeffrey<br>Resource: Courtroom Clerk C5948 Parsons, Patricia<br>*In Progress* |
| 04/19/2012 | **Jury Trial in Progress** (Judicial Officer: Callahan, Michael J.)<br>Resource: Court Rpt/Rec 37 Goldsmith, Jeffrey<br>Resource: Courtroom Clerk C5948 Parsons, Patricia<br>*Held* |
| 04/19/2012 | **Disposition** (Judicial Officer: Callahan, Michael J.)<br>1.  Homicide - Open Murder - Statutory Short Form<br>    Found Guilty by Jury<br>2.  Assault With Intent to Murder<br>    Found Guilty by Jury<br>4.  Weapons Felony Firearm<br>    Found Guilty by Jury |
| 04/19/2012 | Found Guilty By Jury (Judicial Officer: Callahan, Michael J.) |
| 04/19/2012 | Refer to Probation For Pre-Sentence Report (Judicial Officer: Callahan, Michael J.) |
| 04/19/2012 | Order For DNA Sample (Judicial Officer: Callahan, Michael J.) |
| 04/19/2012 | Motion For A Directed Verdict Of Not Guilty (Judicial Officer: Callahan, Michael J.)<br>*DENIED* |
| 05/04/2012 | **Sentencing** (Judicial Officer: Callahan, Michael J.)<br>Resource: Court Rpt/Rec 37 Goldsmith, Jeffrey<br>Resource: Courtroom Clerk C5948 Parsons, Patricia<br>*Held* |
| 05/04/2012 | **Sentence** (Judicial Officer: Callahan, Michael J.)<br>4.  Weapons Felony Firearm<br>    Prison Sentence<br>    State Confinement:<br>    Agency: Michigan Department of Corrections<br>    Effective: 05/04/2012<br>    Term: 2 Yr to 2 Yr<br>    Credit for Time Served: 245 Days<br>    Fee Totals:<br>      - Standard FEL<br>      Fees (ATTY,<br>      SMCF, JCVF)    743.00<br>    Fee Totals $    743.00 |
| 05/04/2012 | **Sentence** (Judicial Officer: Callahan, Michael J.)<br>2.  Assault With Intent to Murder<br>    Prison Sentence<br>    State Confinement:<br>    Agency: Michigan Department of Corrections<br>    Effective: 05/04/2012<br>    Term: 480 Mo to 960 Mo |

# THIRD JUDICIAL CIRCUIT OF MICHIGAN
# REGISTER OF ACTIONS
## CASE NO. 11-010905-01-FC

| Date | Action | Vol./Book |
|---|---|---|
| 05/04/2012 | **Sentence** (Judicial Officer: Callahan, Michael J.)<br>1. Homicide - Open Murder - Statutory Short Form<br>Prison Sentence<br>State Confinement:<br>Agency: Michigan Department of Corrections<br>Effective 05/04/2012<br>Term: Natural Life | |
| 05/04/2012 | Sentenced to Prison (Judicial Officer: Callahan, Michael J.) | |
| 06/14/2012 | Order For Production Of Trial And Sentence Transcript<br>*Jeffrey goldsmith 4/16,17,18,19/12 jt, 5/4/12 se* | |
| 06/14/2012 | Stenographer Certificate Required | |
| 06/18/2012 | Stenographers Certificate Filed<br>*jeffrey goldsmith; 4/16,17,18,19/12; 5/4/12* | |
| 08/02/2012 | Notice of Transcript Filed<br>*Jeffrey Goldsmith;4-16,17,18,19,5-4-12; E\** | *Vol./Book 5 477 pages* |
| 06/14/2012 | Appointment for Claim of Appeal (Circuit) | |
| 07/16/2012 | Order For Production Of Transcript<br>*jeffrey goldsmith 11/2/11 aoi, 12/16/11fc, 1/5,12/12 pre trial, 1/27/12 mh, 2/10/12 fc* | |
| 07/16/2012 | Stenographer Certificate Required | |
| 07/18/2012 | Stenographers Certificate Filed<br>*Per reporter Jeffrey Goldsmith, there is no record to be transcribed for 02-10-12.* | |
| 07/18/2012 | Stenographers Certificate Filed<br>*jeffrey goldsmith; 11/2/11; 12/16/11; 1/5/12; 1/12/12; 1/27/12. there is no record to be transcribed for 2/10/12.* | |
| 08/02/2012 | Notice of Transcript Filed<br>*Jeffrey Goldsmith;11-2,12-16-11,1-5,12, 27-12;E\*\** | *Vol./Book 5 34 pages* |
| 10/11/2012 | Order For Production Of Transcript<br>*Jeffrey Goldsmith PT 4/13/2012* | |
| 10/11/2012 | Stenographer Certificate Required | |
| 10/12/2012 | Stenographers Certificate Filed<br>*jeffrey goldsmith; 4/13/12* | |
| 10/16/2012 | Notice of Transcript Filed<br>*Jeffrey Goldsmith;04-13-12;E\* Copy only, original filed with case 11-12797.* | *Vol./Book 1 14 pages* |
| 07/29/2014 | Application For Leave To Appeal (Circuit)<br>*DENIED.* | |
| 07/31/2015 | Motion For Relief From Judgment<br>*in pro per.* | |
| 10/30/2015 | **Post Conviction** (Judicial Officer: Morrow, Bruce U.)<br>*Review status of MRJ filed in pro per on July 31, 2014.* | |

RECEIVED
AUG 07 2020
DEBORAH S. HUNT, Clerk

ATTACHMENT B



RECEIVED

AUG 0 7 2020

DEBORAH S. HUNT, Clerk

Kevin Craig #381110
9635 Pierce Rd.
Freeland, MI 48623

United States Court of Appeals Sixth Circuit
Honorable R Guy Cole Jr Jc.
Att: Clerk of the Court
100 E. Fifth St.
Cincinnati, Ohio 45202