UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN A. CRAIG, # 381110,

        Petitioner,               Case Number: 2:17-CV-12830
                                        HON. GEORGE CARAM STEEH

v.

THOMAS MACKIE,

        Respondent.
_____/

## OPINION AND ORDER

**(1) DENYING IN PART AND TRANSFERRING IN PART PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT (ECF No. 20),**

**(2) DENYING MOTION FOR EXTENSION OF TIME (ECF No. 23),**

**(3) GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL (ECF No. 19), AND**

**(4) DENYING A CERTIFICATE OF APPEALABILITY**

On July 15, 2020, the Court denied Petitioner Kevin A. Craig's habeas corpus petition and denied a certificate of appealability. (ECF No. 16) Now before the Court are Petitioner's Motion for Relief from Judgment (ECF No. 20), Motion for Extension of Time to File Notice of Appeal (ECF

-1-

No. 23), and Application to Proceed *In Forma Pauperis* on Appeal (ECF No. 19). The Court denies in part Petitioner's motion for relief from judgment. The Court also transfers to the Sixth Circuit Court of Appeals the remainder of the motion because the Court concludes it is a successive petition pursuant to 28 U.S.C. § 2244(b)(3)(A). The Court denies Petitioner's Motion for Extension of Time and grants the Application to Proceed *In Forma Pauperis* on Appeal.

**I. Discussion**

    **A. Motion for Relief from Judgment**

In his habeas corpus petition, Petitioner challenged his convictions for first-degree murder, assault with intent to murder, and possession of a firearm during the commission of a felony. He raised three claims: (i) the trial court abused its discretion in denying Petitioner's motion for relief from judgment; (ii) Petitioner's right to a speedy trial was violated; and (iii) the trial court abused its discretion in when it failed to address all claims raised in Petitioner's motion for relief from judgment. The Court denied the petition. (ECF No. 16.) The Court also denied a certificate of appealability. (*Id.*) Petitioner now seeks relief from judgment under Fed. R. Civ. P. 60(b)(1).

As a threshold matter, the Court must decide whether it has jurisdiction to consider Petitioner's motion. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a district court does not have jurisdiction to consider a petitioner's "second or successive" habeas petition unless the petitioner first obtains authorization from the Court of Appeals. 28 U.S.C. § 2244(b)(3)(A); *Franklin v. Jenkins*, 839 F.3d 465, 473 (6th Cir. 2016). Under some circumstances, a Rule 60(b) motion filed in a § 2254 action may be subject to AEDPA's restrictions on second or successive habeas petitions. *Gonzalez v. Crosby*, 545 U.S. 524, 530-32 (2005). The Sixth Circuit explained the difference between a "true" Rule 60(b) motion and a "second or successive" habeas application "cloaked in Rule 60(b) garb" as follows:

> A petitioner's Rule 60(b) motion is a "second or successive" habeas application "when it 'seeks vindication of' or 'advances' one or more 'claims.'" *Post v. Bradshaw*, 422 F.3d 419, 424 (6th Cir. 2005) (quoting *Gonzalez*, 545 U.S. at 531-32, 125 S. Ct. 2641). A "claim," in turn, "is 'an asserted federal basis for relief from a state court's judgment of conviction.'" *Ibid.* (quoting *Gonzalez*, 545 U.S. at 530, 125 S. Ct. 2641). For example, a habeas petitioner's Rule 60(b) motion advances claims "when [the petitioner] seeks to add a new ground for relief or seeks to present 'new evidence in support of a claim already litigated.'" *Moreland*, 813 F.3d at 322 (quoting *Gonzalez*, 545 U.S. at 531, 125 S. Ct. 2641). By contrast, a petitioner does not seek to advance new claims "when [his] motion 'merely asserts that a previous ruling which precluded a merits determination was in

-3-

> error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar.'" *Post*, 422 F.3d at 424 (quoting *Gonzalez*, 545 U.S. at 532 n.4, 125 S. Ct. 2641).

*Franklin*, 839 F.3d at 473.

Petitioner seeks relief from judgment on two grounds. First, he argues that the Court erred in procedurally defaulting his claims and failing to address the merits. Because this claim does not attack the substance of the Court's resolution of the claims on the merits, it is not a successive challenge to his conviction. *See Gonzalez*, 545 U.S. at 532, n.4. The Court has jurisdiction to decide this claim.

Relief under Rule 60(b)(1) may be granted where the Court's judgment was the result of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Here, the basis for Petitioner's argument – that the Court failed to consider the merits of his claims based upon procedural default – is incorrect. The Court chose to bypass the procedural default question and proceeded directly to the merits of Petitioner's claims. (ECF No. 16, PageID.2320-21.) Petitioner is not entitled to relief from judgment on this claim.

Second, Petitioner's other asserted basis for relief from judgment – that the Court erred in denying his speedy trial claim – constitutes a

challenge to the Court's merits determination. As such, it is a successive habeas petition. Petitioner has not obtained appellate authorization to file a second or successive habeas petition as required by 28 U.S.C. § 2244(b)(3)(A). The Court will transfer the motion to the Sixth Circuit Court of Appeals for a determination whether he is authorized to file a successive petition. *See* In Re Sims, 111 F.3d 45, 47 (6th Cir. 1997).

### B. Motion for Extension of Time

Petitioner has filed a motion for extension of time to file a notice of appeal, but an extension is unnecessary pursuant to Federal Rule of Appellate Procedure 4(a)(4)(A)(vi). Petitioner filed a notice of appeal after filing his motion for relief from judgment but before the Court ruled on the motion. (ECF No. 21.) Where a notice of appeal is filed before the Court decides a timely Rule 60(b) motion, "the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered." *Id.* Petitioner's notice of appeal, therefore, was timely filed.

### C. Application to Proceed *In Forma Pauperis* on Appeal

Also before the Court is Petitioner's application to proceed *in forma pauperis* on appeal. Federal Rule of Appellate Procedure 24(a)(1)

provides that a party to a district-court action who desires to appeal *in forma pauperis* must file a motion in the district court. An appeal may not be taken *in forma pauperis* if the court determines that it is not taken in good faith. 28 U.S.C. § 1915(a)(3). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631 (7th Cir. 2000). The Court finds that an appeal may be taken in good faith.

### D. Certificate of Appealability

A certificate of appealability is necessary to appeal the denial of a Rule 60(b) motion. *See Johnson v. Bell*, 605 F.3d 333, 336 (6th Cir. 2010) (citing *United States v. Hardin*, 481 F.3d 924, 926 (6th Cir. 2007)). A certificate of appealability may issue only if a habeas petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Petitioner fails to show that reasonable jurists would find the Court's decision denying relief from judgment to be debatable or wrong and the

Court will deny a certificate of appealability.

## II. Conclusion

For the reasons stated, the Court:

(1) DENIES IN PART Petitioner's Motion for Relief from Judgment (ECF No. 20);

(2) ORDERS the Clerk of Court to transfer the Motion for Relief from Judgment to the United States Court of Appeals for the Sixth Circuit;

(3) DENIES a certificate of appealability;

(4) GRANTS Petitioner's application to proceed *in forma pauperis* on appeal (ECF No. 19); and

(5) DENIES Petitioner's Motion for Extension of Time (ECF No. 23).

IT IS SO ORDERED.

Dated: January 29, 2021

                      s/George Caram Steeh
                      UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 29, 2021, by electronic and/or ordinary mail and also on Kevin A. Craig #381110, Saginaw Correctional Facility, 9625 Pierce Road, Freeland, MI 48623.

s/Brianna Sauve
Deputy Clerk